UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DAVID ALLEN WESTCOTT

PETITIONER

V.                                         2:09CV00142  JTR

T.C. OUTLAW, Warden
FCI Forrest City                                                    RESPONDENT

## MEMORANDUM AND ORDER

Pending before the Court is a §2241[1] Petition for a Writ of Habeas Corpus filed by Petitioner, David Allen Westcott. (Docket entry #2).  Respondent has filed a Response (docket entry #6) and Petitioner has filed a Reply.   (Docket entry #9).   Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will briefly review the relevant procedural history of the case.  On September 6, 2002, Petitioner and nine co-defendants were indicted in the Northern District of Oklahoma, on charges of conspiracy to manufacture and distribute methamphetamine and possession of equipment and chemicals for manufacturing methamphetamine.  (Docket entry #3).  On November 8, 2002, a sixteen-count superseding indictment was filed which included the charges set forth in the original indictment and additional charges related to the conspiracy to manufacture and distribute methamphetamine.  *Id.*

On August 22, 2003, Petitioner was found guilty by a jury on three counts of the superseding indictment: (1) conspiracy to manufacture, distribute, and possess with intent to distribute a

_____

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #9).

controlled substance; (2) possession of equipment, chemical and materials used to manufacture a controlled substance; and (3) aiding and abetting. (Docket entry #6, Exhibit 1). On January 28, 2004, Petitioner was sentenced to 360 months imprisonment. (Docket entry #6, Exhibit 4).

Petitioner appealed his conviction to the Tenth Circuit Court of Appeals, where he challenged the district court's denial of his severance motion and the makeup of the jury pool in the Northern District of Oklahoma. (Docket entry #3). The Tenth Circuit affirmed the conviction, but remanded the case for re-sentencing.

On remand, the district court sentenced Petitioner to 292 months. *Id.* On January 26, 2007, the Tenth Circuit Court of Appeals affirmed and his conviction and sentence became final ninety days later. (Docket entry #6, Exhibit 3).

On February 29, 2009, Petitioner filed a *pro se* § 2255 motion seeking to vacate, set aside, or correct his sentence. (Docket entry #6, Exhibit 4). Petitioner alleged the following ineffective assistance of counsel claims: (1) his appellate attorney delegated the drafting of his petition for certiorari to a non-attorney; (2) his appellate attorney "neither briefed or filed such petition, and did not disclose the resulting conflict of interest"; (3) his trial counsel failed to make a timely objection to the make-up of the jury pool; and (4) his trial counsel failed to file an interlocutory appeal of the order denying the motion for a severance. *Id.* On November 14, 2008, the district court denied Petitioner's § 2255 motion. (Docket entry #6, Exhibit 2). Petitioner did not appeal. *Id.*

On July 22, 2009, Petitioner filed a motion seeking leave to file a second § 2255 motion. (Docket entry #6, Exhibit 5). In this motion, he argued that: (1) his first § 2255 motion was dismissed and his petition for writ of certiorari was denied because of his attorney's "fraud"; and (2) his 292 month sentence is beyond the statutory maximum for his crime based on the amount of

2

methamphetamine for which he was convicted.  (Docket entry #6, exhibit 5).  On August 18, 2009, the Tenth Circuit Court of Appeals denied Petitioner's motion for authorization to file a second or successive § 2255 motion.  *Id.*

On September 21, 2009, while incarcerated at the Federal Correctional Institution at Forrest City, Arkansas ("FCI Forrest City"), Petitioner filed this § 2241 habeas action challenging the validity of his sentence.  (Document entry #2).[2]  In his Petition, he argues that (1) the U.S. District Court of Northern Oklahoma attributed to him a quantity of drugs which exceeded the amount for which he was convicted and, therefore, sentenced him to imprisonment longer than is supported by his conviction; and (2) ineffective assistance of counsel at sentencing and on appeal. (Document entry #3).

Respondent maintains that this Court lacks subject matter jurisdiction because § 2241 does not permit a federal prisoner to raise in his district of incarceration issues regarding his conviction and sentence which were actually raised, or could have been raised, in a direct appeal, or in a § 2255 motion filed in the district in which his sentence was imposed.  (Document entry #6); *see also Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

For the reasons discussed below, the Court concludes that Petitioner's claim is not cognizable in a § 2241 habeas action.  Thus, Petitioner's § 2241 habeas petition must be denied, and this action dismissed, with prejudice.

---

[2]  After he filed this habeas petition, Petitioner was transferred to the Federal Correctional Institution located in the Western District of Louisiana.  (Docket entry #10).  Petitioner filed a "Motion to Change Jurisdiction" on January 4, 2010.  On June 21, 2010, this Court denied that Motion, finding that it still retained jurisdiction.  *See Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir.1998)(if a district court has proper jurisdiction when a habeas petition is filed then a subsequent transfer of the prisoner will not defeat habeas jurisdiction).

## II.  Discussion

It is well settled that a collateral challenge to a federal conviction or sentence must be raised in a motion to vacate that is filed in the *sentencing court* under 28 U.S.C. § 2255, and not in a habeas petition filed in the *court of incarceration* under 28 U.S.C. § 2241.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).  However, § 2255 contains a "savings clause," which provides that the court of incarceration can hear a challenge to a federal sentence or conviction brought in a § 2241 habeas petition *if* the remedy under § 2255 is "inadequate or ineffective."  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  Stated differently, the court of incarceration has subject matter jurisdiction over a collateral attack on a conviction or sentence in another district court only if the remedies available to the prisoner in the district in which he was convicted or sentenced are inadequate or ineffective.  Importantly, it is the petitioner's burden to establish that his remedies in the other jurisdiction are inadequate or ineffective.  *Hill*, 349 F.3d at 1091.

In defining what is meant by "inadequate or ineffective," the Eighth Circuit has held that more is required than merely demonstrating that there is a procedural bar to bringing a § 2255 motion.  *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (A § 2255 motion is not "inadequate or ineffective" merely because:  (1) "§ 2255 relief has already been denied;" (2) "the petitioner has been denied permission to file a second or successive § 2255 motion;" (3) "a second or successive § 2255 motion has been dismissed"; or (4) "the petitioner has allowed the one year statute of limitations and/or grace period to expire").   In other words, a petitioner cannot file a § 2241 habeas petition in the court of incarceration merely because he no longer has any remaining avenues for redress in the court in which he was convicted and sentenced.

In his attempt to use § 2241 as a vehicle for collaterally attacking his conviction, Petitioner

4

has not provided this Court with *any* reason why the remedies in the sentencing jurisdiction are inadequate or ineffective.  Instead, he argues only that the issues now before this Court have never been raised in any other  motion, § 2255 or otherwise, and, therefore, they can be properly brought in this § 2241 action.  (Docket entry #9).  Under the Court's holding in *Lurie* and *Hill*, this argument does not satisfy Petitioner's burden of establishing that his remedies in the sentencing jurisdiction are inadequate or ineffective.   Accordingly, the Court concludes that it lacks subject-matter jurisdiction to hear Petitioner's habeas claim.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Petitioner's Habeas petition (docket entry #2) be DENIED, WITH PREJUDICE.

Dated this 24th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE